Vincent P. Slusher
State Bar No. 00785480
vince.slusher@dlapiper.com
J. Seth Moore
State Bar No. 24027522
seth.moore@dlapiper.com
DLA Piper LLP (US)
1717 Main Street, Suite 4600
Dallas, Texas 75201
Telephone:  (214) 743-4572
Facsimile:  (972) 813-6267

PROPOSED COUNSEL FOR DEBTOR AND
DEBTOR-IN POSSESSION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 09-34484 |
| PRO-HEALTH LLC | § § § § | CHAPTER 11 |
| DEBTOR. | § | |

**MOTION FOR INTERIM AND FINAL ORDERS (1) AUTHORIZING DEBTOR-IN-POSSESSION TO OBTAIN FINANCING, GRANT SECURITY INTERESTS, AND ACCORD PRIORITY STATUS PURSUANT TO SECTION 364 OF THE BANKRUPTCY CODE, AND AFFORD ADEQUATE PROTECTION; (2) GIVING NOTICE OF FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(C)(2) AND (D)(2); AND (3) MODIFYING AUTOMATIC STAY**

Pro-Health LLC. ("Pro-Health" or the "Debtor"), the Debtor and Debtor-in-Possession in the above-captioned case, hereby requests the entry of interim and final orders pursuant to sections 105, 361, 363 and 364 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing it to (1) obtain post-petition financing pursuant to sections 363 and 364 (the "DIP Loan") of the Bankruptcy Code by entering into a Debtor-in-Possession Loan and Security

Agreement (in conjunction with all related documents, the "DIP Credit Agreement") with an entity owned, controlled, or affiliated with Blaine Larsen (the "Post-Petition Lender"), subject to the terms and conditions set forth herein and therein, (2) grant security interests, liens and superpriority claims to the Post-Petition Lender; and (3) pursuant to Federal Rule of Bankruptcy Procedure 4001(c) schedule a final hearing thereon (the "Motion"). In support of this Motion, the Debtor respectfully represents as follows:

## I.     INTRODUCTION

1. On July 9, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under the Bankruptcy Code. Based on sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate its business and manage its assets as debtor-in-possession.

2. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(D). The statutory predicates for the relief sought herein are sections 105, 363 and 364 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner in this case.

## II.     RELIEF REQUESTED

3. By this Motion, the Debtor is seeking (1) the entry on an expedited basis pursuant to Bankruptcy Rule 4001(c)(2) of an interim order (the "Interim Order"), in a form substantially similar to the one attached hereto as Exhibit "A," that would allow the Debtor to borrow on an interim basis up to $1,500,000.00 of new availability from the Post-Petition Lender subject to the formulas and eligibility requirements of the DIP Credit Agreement, (2) the granting of security interests, liens and superpriority claims to the Post-Petition Lender and (3) after a final hearing (the "Final Hearing"), to be held on not less than fifteen (15) days notice, the entry of a final order (the "Final Order") authorizing borrowing by the Debtor of up to $6,000,000.00 in aggregate.

4. If the Motion is approved and the other conditions precedent are satisfied, the Debtor and Post-Petition Lender expect to enter into a DIP Credit Agreement on substantially the same terms and conditions as set forth in the form attached hereto as Exhibit "B" and with such insubstantial modifications as Post-Petition Lender and the Debtor may agree. In the event of any inconsistency among the Interim Order, the Motion and the DIP Credit Agreement, the Interim Order is intended to be controlling. Although this Motion summarizes key terms of the proposed financing, it does not purport to summarize all of the terms in the proposed order or the DIP Credit Agreement. If entered as submitted, the Interim Order would:

(a) authorize the Debtor to borrow $1,500,000.00 as interim post-petition financing (the "Interim DIP Financing") pursuant to sections 363 and 364 of the Bankruptcy Code by entering into the DIP Credit Agreement with Post-Petition Lender;

(b) grant, pursuant to sections 364(c) of the Bankruptcy Code, valid, binding, enforceable and perfected, security interests and liens (the "DIP Loan Liens") in and to all of the post-petition collateral;

(c) authorize the Debtor to grant security interests, liens and super-priority claims in order to provide adequate protection to Post-Petition Lender; and

(d) schedule the Final Hearing on this Motion at which the Debtor will seek authority to obtain up to an aggregate principal amount of $6,000,000.00 (inclusive of the Interim DIP Financing) of post-petition financing pursuant to sections 363 and 364 of the Bankruptcy Code under the DIP Credit Agreement (the "Final DIP Financing" and together with the Interim DIP Financing, the "DIP Financing").

## IV. BASIS FOR RELIEF REQUESTED

### A. APPROVAL OF THE DIP LOAN IS WARRANTED UNDER THE CIRCUMSTANCES

5. One of the primary goals of the Debtor's bankruptcy case is to provide a forum and mechanism for restructuring in a manner that is most beneficial to its estate and creditors and to provide the Debtor breathing room to develop, and the forum to implement, its long-term strategic solutions including stabilizing operations and cash flow and addressing liquidity issues. The Debtor must have the benefit of DIP Financing to survive. Given its current liquidity needs, the Debtor is unable to continue operations using cash collateral alone. The Debtor submits that ample justification exists for the approval of the proposed DIP Credit Agreement under section 364 of the Bankruptcy Code.

### B. THE POST-PETITION FINANCING

6. Through extensive arms-length negotiations, the Debtor has negotiated with Post-Petition Lender to provide the DIP Financing pursuant to the DIP Credit Agreement, the principal terms of which are as follows:

(a) **Type and Amount of Facility** – A revolving credit facility which provides on a final basis an aggregate principal amount of $6,000,000.00 .

(b) **Rate of Interest** – The interest rate under the DIP Credit Agreement shall be equal to fifteen percent (15%).

(c) **Costs** –Post-Petition Lender shall be entitled to recover its out of pocket expenses related to this transaction. Debtor believes the negotiated costs associated with the DIP Financing to be greatly reduced compared to other DIP financing agreements.

(d) **Description of Collateral** – As security for the Post-Petition Obligations and pursuant to the DIP Credit Agreement, Post-Petition Lender shall have as its collateral a first-

priority, perfected lien upon all of the Debtor's right, title, and interest in and to its 2009 potato crop planted at the Debtor's farmland in Dundy County, NE and Dallam and Hartley Counties, TX, including any and all products and proceeds of the foregoing in whatever form, including, but not limited to, cash, negotiable instruments and other instruments for the payment of money, chattel paper, security agreements and other documents.

**(e)** **Events of Default** – The DIP Credit Agreement includes customary and appropriate events of default (subject in most cases to customary and appropriate grace periods).

**(f)** **Use of Proceeds** - Debtor is authorized to use proceeds of the DIP Credit Agreement for operations pursuant to the terms of an approved budget.

**(g)** **Payment of Professionals** - Payment of fees of Debtor's professionals and any committee's professionals are included in the budget approved by Post-Petition Lender.

7. The DIP Loan is vital to the survival of the Debtor's business and without the inclusion of these provisions, Post-Petition Lender would not have provided the DIP Financing at all.

**C.** **Post-Petition Credit Under Section 364(c) of the Bankruptcy Code**

8. Section 364 (c) of the Bankruptcy Code authorizes a debtor-in-possession to obtain post-petition credit:

> If the trustee [debtor] is unable to obtain unsecured credit allowable under section 503(b)(l) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt --
>
> a. with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title;
> b. secured by a lien on property of the estate that is not otherwise subject to a lien; or
> c. secured by a junior lien on property of the estate that is subject to a lien. 11 U.S.C. § 364(c)

9. Courts have articulated a three-part test to determine whether a debtor-in-

possession is entitled to financing under section 364(c) of the Bankruptcy Code: whether (a) the debtor is unable to obtain unsecured credit under section 364(b), i.e., by allowing a lender only an administrative claim; (b) the credit transaction is necessary to preserve the assets of the estate; and (c) the terms of the transaction are fair, reasonable and adequate, given the circumstances of the debtor/the debtors and the proposed lender. *See*, e.g., In re Aqua Assocs., 123 B.R. 192, 195-96 (Bankr. E.D. Pa. 1991); In re Ames Dep't Stores. Inc., 115 B.R. 34, 37-39 (Bankr. S.D.N.Y. 1990); In re Crouse Group, Inc., 71 B.R. 544, 546 (Bankr. E.D. Pa. 1987).

10. Under these circumstances, and given the Debtor's current financial status, the Debtor believes that a post-petition lender would not provide financing to the Debtor, other than on a secured and super-priority basis. In fact, the Debtor conducted a search for financing and prospective lenders were unwilling to provide financing on terms, taken as a whole, that are better than the terms of the DIP Credit Agreement. Thus, the Debtor can show "by a good faith effort that credit was not available without" the protections of section 364(c) of the Bankruptcy Code. Bray v. Shenandoah Federal Sav. and Loan Ass'n (In re Snowshoe Co.), 789 F.2d 1085, 1088 (4th Cir. 1986) ("[t]he statute imposes no duty to seek credit from every possible lender before concluding that such credit is unavailable"); see also In re Hubbard Power & Light, 202 B.R. 680 (Bankr. E.D.N.Y. 1996) (holding that debtor was entitled to relief under sections 364(c)-(d) after providing evidence that only one entity of several solicited would provide the debtor with Post-Petition Financing upon the condition of super-priority for such loans).

11. The Debtor, in the exercise of its prudent business judgment and consistent with its fiduciary duty, has concluded that the terms of the DIP Credit Agreement are fair and reasonable under the circumstances.

12. In general, a bankruptcy court should defer to a debtor-in-possession's business

judgment regarding the need for and the proposed use of funds, unless such decision is arbitrary and capricious. See In re Wheeling-Pittsburgh Steel Corp., 72 B.R. 845, 849 (Bankr. W.D. Pa. 1987) (holding that "the court should not interfere with or second guess the debtor's sound business judgment unless and until evidence is presented that establishes that the debtor's decision was one taken in bad faith or in gross abuse of its retained business discretion."); see also In re Curlew Valley Assocs., 14 B.R. 506, 511-13 (Bankr. D. Utah 1981). Courts generally will not second-guess a debtor-in-possession's business decisions when those decisions involve "a business judgment made in good faith, upon a reasonable basis, and within the scope of his authority under the Code." Curlew Valley, 14 B.R. at 513-14 (footnotes omitted).

**D.     NEED FOR INTERIM FINANCING PENDING THE FINAL HEARING AND TERMS OF SUCH INTERIM FINANCING**

13.     It is critical to the success of this chapter 11 case that the Debtor be able to obtain debtor-in-possession financing. Based on the current status of the Debtor's business, it is critical that the Debtor be permitted to enter into such financing facilities and to draw funds thereunder sooner than the 15 days notice required under Bankruptcy Rule 4001 for a final hearing on this Motion. Bankruptcy Rule 4001(c)(2) allows the Court to authorize the Debtor to obtain credit on the expedited basis requested in order to avoid immediate and irreparable harm to the Debtor's estates pending a final hearing. Accordingly, the Debtor seeks interim approval of the Motion as permitted by Bankruptcy Rule 4001. The DIP Credit Agreement provides for the interim availability up to $1,500,000.00. This amount is necessary to provide the Debtor with operating capital. Without the immediate availability of such working capital, the Debtor can not continue its business operations during the period before a Final Hearing. The Debtor will suffer immediate and irreparable harm in the absence of an interim hearing and approval of interim borrowings under the DIP Credit Agreement.

14. Because of the Debtor's urgent need for DIP Financing and the other circumstances as set forth above, the Debtor submits that such terms are reasonable under the circumstances and should be approved.

## V. NOTICE

15. No trustee or examiner has been appointed in the Debtor's chapter 11 case. This Motion has been provided to the United States Trustee, the Debtor's secured creditors, counsel for Post-Petition Lender, and the Debtor's 20 largest unsecured creditors.

## VI. FINAL HEARING

16. The Debtor also requests that at the Interim Hearing that the Court schedule a final hearing (the "Final Hearing") on the Motion pursuant to Bankruptcy Rule 4001(c).

## VII. NO PRIOR REQUEST

17. The Debtor has made no previous Motion for the relief requested herein to this or any other court.

WHEREFORE, the Debtor requests that the Court (a) enter interim and final orders pursuant to sections 105, 361, and 364 of the Bankruptcy Code and Bankruptcy Rule 4001 authorizing them to obtain post-petition financing pursuant to section 364 of the Bankruptcy Code by entering into the DIP Credit Agreement with Post-Petition Lender, subject to the terms and conditions set forth herein and therein and grant security interests, liens and super-priority claims to the Post-Petition Lender, (b) schedule a Final Hearing on the Motion pursuant to Bankruptcy Rule 4001(c), and (c) grant such other and further relief as the Court deems just and proper.

Dated: July 10, 2009
Dallas, Texas

Respectfully submitted,
DLA Piper LLP (US)

By: */s/ Vincent P. Slusher*
Vincent P. Slusher
State Bar No. 00785480
vince.slusher@dlapiper.com
J. Seth Moore
State Bar No. 24027522
seth.moore@dlapiper.com

1717 Main Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 743-4572
Facsimile: (972) 813-6267

PROPOSED COUNSEL FOR DEBTOR AND
DEBTOR-IN POSSESSION

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served this 10th day of July 2009 to the Debtor's twenty largest creditors, the Debtor's secured creditors, and the United States Trustee by either overnight mail, e-mail, or facsimile.

*/s/ J. Seth Moore*
J. Seth Moore