Michael R. Rochelle
State Bar No. 17126700
Scott M. DeWolf
State Bar No. 24009990
Kerry Ann Miller
State Bar No. 24050875
ROCHELLE MCCULLOUGH LLP
325 N. St. Paul, Suite 4500
Dallas, Texas 75201
P: (214) 953-0182
F: (214) 953-0185

ATTORNEYS FOR THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PRO-HEALTH, LLC, | § | Case No. 09-34484-BJH-11 |
| | § | |
| Debtor. | § | |
| | § | |

### OFFICIAL UNSECURED CREDITORS' COMMITTEE'S OBJECTION TO DEBTOR'S REQUEST FOR AN ORDER PURSUANT TO SECTION 1112(B) OF THE BANKRUPTCY CODE DISMISSING THIS CHAPTER 11 CASE

**TO THE HONORABLE BARBARA J. HOUSER,**
**CHIEF UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW, The Official Unsecured Creditors' Committee (the "Committee"), through its counsel, and for its Objection to Debtor's Request for an Order Pursuant to Section 1112(b) of the Bankruptcy Code Dismissing this Chapter 11 Case (the "Objection") would respectfully state as follows:

### I. BACKGROUND

1. On July 9, 2009, Pro Health, LLC filed its voluntary petition with the Court pursuant to Chapter 11 of 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"). On

information and belief, the Debtor continues to operate its business and manage its property as debtors-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. *See* Docket No. 1.[1]

2. On July 10, 2009, Pro-Health filed its Notice of Designation as a Complex Chapter 11 Bankruptcy Case. *See* Docket No. 8.

3. Pursuant to 11 U.S.C. § 1102(a)(1), the United States Trustee appointed the Committee to act as the official committee of creditors holding unsecured claims in the Pro-Health Bankruptcy Case.

4. On October 29, 2009, the United States Trustee filed his Motion to Dismiss Case or Convert Case to Chapter 7 or Appoint a Chapter 11 Trustee. *See* Docket No. 185. Both the Committee and the Debtor objected to the Trustee's requested dismissal. *See* Docket Nos. 203 and 204.

5. On March 15, 2010, the Debtor filed its own Request for an Order Pursuant to Section 1112(b) of the Bankruptcy Code Dismissing This Chapter 11 Case ("Debtor's Motion to Dismiss"). *See* Docket No. 255. The Debtor requests dismissal for two main reasons: (1) the financing purportedly offered by Rabobank provides the Debtor the best means to pay its creditors; and (2) the Debtor's PACA license is jeopardized by the Court's confirmation of a bankruptcy plan. *See id.*

---

[1] To prevent burdening the Court with unnecessary paper, documents that are part of the Pro Health, LLC Bankruptcy are cited by Docket Number and incorporated by reference. The Committee requests that the Court take judicial notice of its own records. *See In re Missionary Baptist Foundation of America, Inc.*, 712 F.2d 206, 211 (5th Cir. 1983) ("A court may take judicial notice of the record in prior related proceedings, and draw reasonable inferences therefrom.").

OFFICIAL UNSECURED CREDITORS' COMMITTEE'S
OBJECTION TO DEBTOR'S REQUEST FOR AN ORDER
PURSUANT TO SECTION 1112(B) OF THE BANKRUPTCY
CODE DISMISSING THIS CHAPTER 11 CASE
Page 2

## II. ARGUMENT AND AUTHORITIES

### A. DEBTOR'S MOTION TO DISMISS WAS IMPROPERLY NOTICED.

6. Pursuant to section 1112(b), the Court can dismiss a Chapter 11 case "on request of a party in interest, and after notice and a hearing…" *See* 11 U.S.C. § 1112(b)(1). The requirement of "after notice and a hearing" is defined to mean "such notice as is appropriate in the particular circumstances and such opportunity for a hearing as is appropriate in the particular circumstances." *See* 11 U.S.C. § 102(1)(A). In deciding a motion to dismiss, the best interests of the creditors will be considered. *See e.g., In re All American of Ashburn, Inc.*, 40 B.R. 104 (Bankr. N.D. Ga. 1984).

7. As a threshold matter, the Committee objects to Debtor's Motion to Dismiss on the grounds that it has not been properly noticed. On March 15, 2010, Debtor filed its Motion to Dismiss. *See* Docket No. 255. The Debtor's Motion to Dismiss did not include a Certificate of Service. On March 23, 2010, the Debtor filed its Certificate of Service certifying that on March 16, 2010, a true and correct copy of Debtor's Motion to Dismiss and Notice of Hearing on Motion to Dismiss ("Notice of Hearing") were served to all parties on the creditor list which was attached, via first class United States Mail. *See* Docket No. 260.

8. However, through its review, the Committee has determined that the following persons or entities potentially having unsecured claims against the Debtor were not served Debtor's Motion to Dismiss: Grainger, FPC Financial, f.s.b., Eagle Capital Corporation, Rita Blanca Electric Co-op, and Schneider National, Inc. The Committee further believes there may be other persons or entities having, or potentially having, claims against Debtor's estate who were not served with Debtor's Motion to Dismiss.

Because Debtor's Motion to Dismiss directly effects the rights of persons or entities having claims against Debtor's estate, the Debtor's Motion to Dismiss and Notice of Hearing should have been served on all such claimants.

9. Further, the Debtor served the Motion to Dismiss via U.S. Mail and did not provide sufficient time to allow for responses. Pursuant to Bankruptcy Rule 9006 and Local Rule of Bankruptcy Procedure 9007.1, parties receiving notice of Debtor's Motion to Dismiss are allowed to file any response and/or objection to Debtor's Motion to Dismiss within 24 days from service of Debtor's Motion to Dismiss. Therefore, the objection deadline does not expire until close of business April 9, 2010. The hearing on Debtor's Motion to Dismiss is set for April 9, 2010 at 1:15 p.m., objections and/or responses may still be filed after the hearing setting. The Debtor did not, and has not, sought to shorten the applicable response period.

10. Since the Debtor failed to properly notice its Motion to Dismiss, the Court should require Debtor to re-notice and reset the hearing on Debtor's Motion to Dismiss. Accordingly, the Court should not grant Debtor's Motion to Dismiss at this time due to the Debtor's failure to provide proper and adequate notice.

**B. THE DEBTOR HAS FAILED TO DEMONSTRATE THAT "CAUSE" EXISTS FOR DISMISSAL.**

11. Section 1112(b) of the Bankruptcy Code, in relevant part, provides:

> (b) (1)Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and section 1104(a)(3), on request of a party in interest and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case

under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

*See* 11 U.S.C. § 1112(b)(1).

12. Section 1112(b) lists sixteen examples of "cause" to dismiss a bankruptcy case, but this list is nonexclusive.[2] *See In re Orchard At Hansen Park, LLC*, 347 B.R. 822, 825 (Bankr. N.D. Tex. 2006). Whether there is "cause" to dismiss a Chapter 11 case is based an analysis of the totality of the circumstances. *See In re Starmark Clinics, LP*, 388 B.R. 729, 736 (Bankr. S.D. Tex. 2008). The burden of proof is on the Debtor to establish "cause." *See In re Page*, 118 B.R. 456, 459 (Bankr. N.D.Tex. 1990). The Debtor is required to show cause by a preponderance of the evidence. *See In re Player Wire Wheels, Ltd.*, 421 B.R. 864, 868 (Bankr. N.D. Ohio 2009).

13. Here, the Debtor has not carried its burden to establish the requisite "cause" for dismissal of this Chapter 11 case.

### 1. Debtor's Proposed Financing from Rabobank is Speculative.

14. The Debtor argues that "cause" for dismissal because the alleged financing from Rabobank is contingent on the Debtor dismissing this Chapter 11 case. *See* Docket No. 255 at ¶ 18. The Debtor further states that the proposed Rabobank financing would enable it to pay creditors much sooner than through a plan of reorganization. *See id.*

15. The asserted financing from Rabobank, however, is, at best, merely possible, and on this record more appropriately characterized as speculative. To date, all the Debtor has offered to support its financing from Rabobank is a document entitled "Summary of Terms and Conditions" (the "Summary"). The Summary expressly states it

---

[2] The Debtor does not assert that any of the enumerated examples of "cause" in section 1112(b)(4) exist in this case.

is not a commitment to lend funds to the Debtor. *See* Docket No. 255-1 ("This summary is not a commitment to lend or an agreement to negotiate a loan commitment.") In fact, the Summary further states it is merely "an outline for discussion purposes only." *See* Docket No. 255-1. On this record, there is no actual commitment from Rabobank to provide the Debtor any financing. Accordingly, the purported Rabobank financing is merely speculative and cannot provide the requisite "cause" to dismiss this case.

### 2. Debtor's Allegations Regarding its PACA License are Similarly Speculative.

16. The Debtor holds a license under the perishable agricultural commodities act ("PACA"). Upon information and belief, the Debtor's PACA license expires on August 30, 2010. PACA, in relevant part, provides:

> That the license of any licensee shall terminate upon said licensee, or in the case of the licensee is a partnership, any partner, being discharged as a bankrupt **unless the Secretary finds upon examination of the circumstances of such bankruptcy, which he shall examine if requested to do so by said licensee, that such circumstances do not warrant such termination**.

7 U.S.C. § 499d (a) (emphasis added).

17. The United States Department of Agriculture ("USDA") has issued regulations that imply that the confirmation of a plan of reorganization, even if the plan does not provide a discharge, "automatically terminates" a PACA license. *See* USDA "Fair Trading Regulations," attached hereto as Exhibit A. The USDA Regulations further provide that if a firm continues to do business after confirmation, it must be re-licensed and **may be subject to posting a surety bond**. *See id.* (Emphasis added).

18. The Debtor alleges that if the requested dismissal is not granted, the Debtor will lose its existing PACA license. *See* Docket No. 255 at ¶ 21. However, the revocation of Debtor's PACA license is not automatic upon the Debtor's confirmation of a plan of reorganization. The Secretary can exercise the discretion provided in PACA to not terminate the Debtor's PACA license. *See* 7 U.S.C. § 499d (a). Although the Debtor states that the Department of Agriculture has alleged that it has the right to revoke the Debtor's PACA license, there has been no showing that the Department of Agriculture actually intends to revoke the Debtor's PACA license.[3] The Debtor can request that the Secretary examine the circumstances surrounding the bankruptcy filing, and the Secretary can determine that the circumstances do not warrant such termination. The threat that it is possible that the Debtor's PACA license may possibly be revoked cannot be considered the requisite cause to dismiss this case.[4]

19. Likewise, the Secretary can also exercise the discretion provided in PACA to not require a bond for the post-confirmation debtor. While PACA makes clear that a bond can be required, it does not mandate a surety bond. *See* Exhibit A. There has been no evidence presented that would demonstrate that the USDA will require the Debtor to post a bond after the confirmation of a chapter 11 plan of reorganization. Further, there has been no evidence presented as to the amount of any potential bond payment. Although the Debtor alleges it will be a "substantial" bond, there is no evidence as to the

---

[3] It should be noted that the USDA did not file any objection to the Debtor's Disclosure Statement asserting that the Debtor's PACA license would be revoked or that a surety bond would be required.

[4] The Committee believes that the surrounding facts and circumstances of this Chapter 11 present the precise situation in which the USDA could, and should, exercise its discretion not to revoke the Debtor's PACA license. The Debtor's Chapter 11 filing was precipitated by an FDIC take over of its pre-petition secured lender. Further, all PACA claims have been paid during this case. The Debtor has offered no evidence that the USDA refuses to exercise its granted discretion or the Debtor's efforts to request the USDA do so.

actual bond amount.  There is a possibility that Debtor may be required to post a bond in order to receive a new PACA license, however, without more evidence, this possibility cannot be considered the cause sufficient to dismiss this case.

C. **DISMISSAL IS NOT IN THE BEST INTERESTS OF THE CREDITORS OR THE ESTATE**

20.   Even if the Debtor were to establish cause, which it has not, if there are unusual circumstances making the requested dismissal not in the best interests of the creditors and the estate, the Court can refuse to grant the dismissal.  *See* 11 U.SC. ¶ 1112(b)(1).  In this case, such unusual circumstances exist and it is not in the best interests of the estate or the creditors to dismiss this action.  Absent protections for existing unsecured creditors in any dismissal order, the creditors will be prejudiced if this Court allows dismissal.

21.   Unusual circumstances exist in this case because under the Debtor's current proposed Disclosure Statement for its Plan of Reorganization, unsecured claims will receive full payment of their claims, over a period of two years.  *See* Docket No. 214 at p. 11.  Although Debtor's Motion to Dismiss states that unsecured creditors will be paid in full, the Debtor's Motion to Dismiss provides no details on how this will occur, on what terms, and over what period of time.  The Debtor's Motion to Dismiss merely alleges, without any factual support that the creditors will be paid "much sooner than if the Debtor confirmed a plan of reorganization."  *See* Docket No. 255 at ¶ 18.  Further, since the Debtor has not actually proposed a payment time table for the creditors in its Motion to Dismiss, it is not in the best interests of the creditors to dismiss this case,

when, under the Debtor's Proposed Plan of Reorganization, creditors will be paid in full in two years.

22. Additionally, creditors will be prejudiced if this Court allows dismissal. Creditors have been held at bay by the Debtor for approximately 9 months. If the Debtor is permitted to dismiss this case, the creditors will be free to pursue their claims against Debtor in state court or otherwise exercise collection rights they are otherwise foreclosed from by the automatic stay. Absent protections in any dismissal order or certainty as to how the Debtor will repay its unsecured creditors, may result in an uncontrolled free for all by the Debtor's creditors to collect amounts currently due.

23. Creditors would further be prejudiced if this Court allows dismissal, because dismissal of this action would likely not provide unsecured creditors with adequate protection, in the event Debtor decides to file another chapter 11 petition. *See In re Continental Holdings, Inc.*, 170 B.R. 919, 927 (Bankr. N.D. Ohio 1994). If the case is dismissed, and the Debtor files a later bankruptcy petition, the unsecured creditors will likely be in a worse position than if they had the protections of a Court approved Plan of Reorganization.

### III. CONCLUSION

24. The Debtor failed to properly notice its Motion to Dismiss. Accordingly, the Court should not allow this case to be dismissed at the current time. Additionally, the Debtor has not carried its burden to demonstrate the requisite "cause" to dismiss this case. Finally, dismissal is not in the best interests of the creditors and/or the Debtor's estate. Accordingly, the Court should deny the Debtor's Motion to Dismiss.

WHEREFORE, the Committee respectfully requests that this Court deny Debtor's Request for an Order Pursuant to Section 1112(b) of the Bankruptcy Code Dismissing this Chapter 11 Case. The Official Unsecured Creditors' Committee further prays for all other additional relief to which it may be justly entitled.

Dated: April 8, 2010.

Respectfully submitted,

/s/Scott M. DeWolf
Michael R. Rochelle
State Bar No. 17126700
Scott M. DeWolf
State Bar No. 24009990
Kerry Ann Miller
State Bar No. 24050875
ROCHELLE MCCULLOUGH LLP
325 N. St. Paul, Suite 4500
Dallas, Texas 75201
P: (214) 953-0182
F: (214) 953-0185

**ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 8, 2010, she served a copy of this Motion via ECF and/or first-class U.S. Mail, postage prepaid on the Office of the United States Trustee for the Northern District of Texas, the Debtor's twenty (20) largest unsecured creditors; counsel to the Debtor's secured creditors, counsel for BV Operations, LLC, and to all parties who have filed notices of appearance in the above-captioned bankruptcy case.

/s/Kerry Ann Miller
Kerry Ann Miller